**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PATRICIA CROOMS | ) | |
| AND | ) | |
| AMANDA KIMBLE | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| vs. | ) | |
| | ) | |
| LEGAL MEDIATION PRACTICE, INC. | ) | |
| d/b/a LEGAL MEDIATION | ) | |
| PRACTICES | ) | |
| Defendant. | ) | |
| | ) | |

**COMPLAINT**
**VI.    UNLAWFUL DEBT COLLECTION PRACTICES**

**I.  INTRODUCTION**

1.      This is an action for damages brought by individual consumers for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereafter the "FDCPA"), and the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 *et seq*. (hereafter the "FCEUA"), constituting unfair and deceptive acts and practices under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, *et seq*. (hereafter the "UTPCPL"). These laws prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

**II.  JURISDICTION AND VENUE**

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3.      Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

**III.  PARTIES**

4.     Plaintiff Patricia Crooms (hereafter "PC") is an adult individual residing at 2818 N. Garnet Street, Philadelphia, PA 19132.

5.     Plaintiff Amanda Kimble (hereafter "AK") is an adult individual residing at 1969 Mohawk Place, Kent, OH 44240.

6.     Defendant Legal Mediation Practice, Inc., d/b/a Legal Mediation Practices is a business entity regularly engaged in the business of collecting debts in this Commonwealth with its principal place of business located at 1919 Blanding Boulevard, Suite 4, Jacksonville, FL 32210.   The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

## IV.  **FACTUAL ALLEGATIONS**

7.     At all pertinent times hereto, Defendant was hired by Pay Day Loan Yes to collect a debt, from Plaintiff PC, relating to payday loan that were allegedly originally owed to Pay Day Loan Yes (hereafter the "debt").

8.     At all pertinent times hereto, Defendant was hired by AIS to collect a debt, from Plaintiff AK, relating to consumer credit card purchases that were allegedly originally owed to AIS (hereafter the "debt"). (The alleged debts owed by Plaintiffs are hereafter referred collectively referred to as the "debts").

9.     The alleged debts at issue arose out of transactions which were primarily for personal, family or household purposes.

10.     On or about July 25, 2008, Defendant contacted Plaintiff PC at her place of employment in an attempt to coerce payment of the debt.  During a voicemail message, taken by Plaintiff PC's co-worker, Louise Moss, Defendant indicated the call was regarding a "legal matter."

11.    In response to the above, Plaintiff PC contacted Defendant. During the conversation, Plaintiff spoke to a representative, employee and/or agent from Defendant identifying himself as "Mr. Davis."  Initially, Mr. Davis falsely identified himself as an agent of "Pay Day Loan Yes." Mr. Davis then indicated Plaintiff PC owed Defendant $1,260.00.  Mr. Davis proceeded to threaten "further action" if Plaintiff PC did not pay the debt by 2:00 p.m. that day.  When Plaintiff PC questioned what he meant by "further action," Mr. Davis replied by threatening: to have Plaintiff PC prosecuted for "fraud;" and to have Plaintiff PC arrested at either her place of employment or at her home.  Plaintiff PC then offered to make a payment of $100.00, but Mr. Davis ended the phone conversation by demanding $630.00.

12.    On or about July 28, 2008, a representative, employee and/or agent from Defendant identifying herself as "Ms. Baker" contacted Plaintiff AK in an attempt to coerce payment of the debt, leaving a message on Plaintiff AK's voicemail.

13.    In response to the above, on or about July 28, 2008, Plaintiff AK contacted Ms. Baker.  During the conversation, Ms. Baker made a settlement offer to Plaintiff AK, to which Plaintiff AK replied that she was unable to make a payment at the time.  Ms. Baker replied by threatening to sue Plaintiff AK.  When Plaintiff AK questioned whether Defendant was a law firm, Ms. Baker falsely confirmed that Defendant was a law firm and that her call was "no joke." Ms. Baker then set a deadline of 8:00 p.m. that evening for Plaintiff AK to accept the settlement. Ms. Baker indicated that if Plaintiff AK did not accept the settlement, she would be sued, stating that Plaintiff AK would pay much more following the suit.

14.    On or about July 29, 2008, Plaintiff AK contacted Defendant and spoke to a representative, employee and/or agent from Defendant identifying herself as "Toby."  During the conversation, Plaintiff AK indicated she was unable to pay the debt, to which Toby replied by

demanding Plaintiff AK borrow the money from family or friends. When Plaintiff AK indicated she would not do so, Toby threatened to sue Plaintiff AK and have her wages garnished, further threatening that Defendant could do "a lot more than that." When Plaintiff AK asked what Toby meant by that, he simply replied that the court would make her pay much more than that within thirty (30) days.  Toby continued to threaten a lawsuit, further stating that a judgment would be placed on her credit report and Plaintiff AK would never be able to obtain employment.  Toby concluded the conversation by setting a deadline of July 31, 2008, 5:00 p.m. for Plaintiff AK to pay the debt.

15.     Notwithstanding the above, on or about August 1, 2008, Ms. Baker contacted Plaintiff AK in an attempt to coerce payment of the debt, with the intent to annoy, abuse, and harass such persons contacted, leaving a message on Plaintiff AK's voicemail.

16.     In response to the above, on or about August 1, 2008, Plaintiff AK contacted Ms. Baker.  During the conversation, Ms. Baker indicated she was presenting Plaintiff AK "once last chance" to pay the debt.  Ms. Baker then presented Plaintiff AK with an offer of settlement that Ms. Baker identified as coming from the "lawyer."  When Plaintiff AK requested the name of the alleged attorney, Ms. Baker placed Plaintiff AK on hold, and then returned to the conversation indicating the attorney's name was "Lynn Connor."   Plaintiff AK then stated she knew Defendant was not a law firm, to which Ms. Baker stated the "law firm" was "downstairs." When Plaintiff AK requested an address to dispute the debt, Ms. Baker replied Plaintiff AK could not dispute because she was in the "arbitration stage." Ms. Baker then stated she was taking the offer "off the table" and recommending Defendant move forward with its lawsuit.

17.     Based upon information and belief, Defendant is not a law firm, and does not employ attorneys.

18.     The Defendant acts in a false, deceptive, misleading and unfair manner by portraying itself as law firm, including but not limited to the inference from its name as well as its ongoing representations that it is a law firm or has attorneys in its employ, knowing that it creates the false belief in consumers that a law firm and lawyer(s) were participating in the collection of a debt when in fact no such law firm and lawyer(s) are so participating.

19.     The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiffs to pay the debts.

20.     The Defendant acted in a false, deceptive, misleading and unfair manner when it, without permission from the Plaintiff PC, communicated to persons other than Plaintiff PC that Plaintiff PC owed a debt..

21.     The Defendant acted in a false, deceptive, misleading and unfair manner by falsely representing or implying that Plaintiff PC had committed a crime.

22.     Defendant knew or should have known that its actions violated the FDCPA, FCEUA and the UTPCPL.  Additionally, Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, FCEUA and the UTPCPL, but neglected to do so and failed to adequately review its actions to ensure compliance with said laws.

23.      At all times pertinent hereto, Defendant were acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

24.     As a result of Defendant' conduct, Plaintiffs have sustained actual damages including, but not limited to, injury to Plaintiffs' reputations, out-of-pocket expenses, damage to Plaintiffs' credit, physical, emotional and mental pain and anguish and pecuniary loss, and

Plaintiffs will continue to suffer same for an indefinite time in the future, all to Plaintiffs' great detriment and loss.

## V. CLAIMS

### COUNT ONE - VIOLATION OF THE FDCPA
**(Plaintiffs v. Defendant)**

25.     Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

26.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

27.     Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

28.     The above contacts between Defendant and Plaintiffs were "communications" relating to "debts" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

29.     Defendant violated the FDCPA.   Defendant' violations include, but are not limited to, violations of 15 U.S.C. §§ 1692b(2), 1692d, 1692d(5), 1692e, 1692e(3), 1692e(4), 1692e(5), 1692e(7), 1692e(10), and 1692f, as evidenced by the following conduct:

(a)     Communicating with persons other than the Plaintiff PC that Plaintiff PC owes a debt;

(b)     Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

(c)     Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number;

(d)     Falsely representing or implying that Defendant is a law firm and/or that it has attorneys within its employ;

(e)     The representation or implication that nonpayment of a debt will result in the seizure, garnishment, attachment or sale of any    property or wages that is not lawful and/or that Defendant did not intend to take;

(f)     Threatening to take action that cannot legally be taken and/or is not intended to be taken;

(g)     Falsely representing or implying that the consumer has committed a crime; and

(f)     Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt.

30.     Defendant' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiffs' rights under the law and with the purpose of coercing Plaintiffs to pay the debts.

31.     As a result of the above violations of the FDCPA, Defendant are liable to Plaintiffs in the sum of Plaintiffs' statutory damages, actual damages and attorney's fees and costs.

        WHEREFORE, Plaintiffs respectfully pray that relief be granted as follows:

(a)     That judgment be entered against Defendant for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

(b)     That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(c)     That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C.

§1692k(a)(3); and

(d)     That the Court grant such other and further relief as may be just and proper.

## VII.    COUNT TWO – VIOLATION OF THE FCEUA AND UTPCPL
### (Plaintiff PC v. Defendant)

32.     Plaintiff PC incorporates the foregoing paragraphs as though the same were set forth at length herein.

33.     Defendant are "debt collectors" as defined by 73 P.S. § 2270.3 of the FCEUA.

34.     Plaintiff PC is a "debtor" as defined by 73 P.S. § 2270.3 of the FCEUA.

35.     The above contacts between Defendant and Plaintiff PC were "communications" relating to a "debt" as defined by 73 P.S. § 2270.3 of the FCEUA.

36.     Defendant engaged in unfair methods of competition and unfair or deceptive acts or practices, as defined by the UTPCPL, by attempting to collect the debt in violation of the FCEUA. Defendant' violations of the FCEUA and UTPCPL include, but are not limited to, violations of 73 P.S. § 2270.4(a), as evidenced by the following conduct:

(a)     Communicating with persons other than the Plaintiff PC that Plaintiff PC owes a debt;

(b)     Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

(c)     Falsely representing or implying that Defendant is a law firm and/or that it has attorneys within its employ;

(d)     Threatening to take action that cannot legally be taken and/or is not intended to be taken;

(e)    Falsely representing or implying that the consumer has committed a crime; and

(f)    Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt.

37.    Defendant' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff PC's rights under the law and with the purpose of coercing Plaintiff PC to pay the debt.

38.    As a result of the above violations of the FCEUA and UTPCPL, Plaintiff PC has suffered ascertainable losses entitling Plaintiff PC to an award of statutory, actual and treble damages and attorney's fees and costs.

WHEREFORE, Plaintiff PC respectfully prays that relief be granted as follows:

(a)    That judgment be entered against the Defendant for actual damages pursuant to 73 P.S. § 201-9.2(a);

(b)    That judgment be entered against the Defendant for statutory damages pursuant to 73 P.S. § 201-9.2(a);

(c)    That judgment be entered against the Defendant for treble damages pursuant to 73 P.S. § 201-9.2(a);

(d)    That the Court award costs and reasonable attorney's fees pursuant to 73 P.S. § 201-9.2(a); and

(e)    That the Court grant such other and further relief as may be just and proper.

## VI.   JURY TRIAL DEMAND

39.     Plaintiffs demand trial by jury on all issues so triable.

**RESPECTFULLY SUBMITTED,**

**FRANCIS & MAILMAN, P.C.**


BY:  */s/ Mark D. Mailman*
      JAMES A. FRANCIS, ESQUIRE
      MARK D. MAILMAN, ESQUIRE
      JOHN SOUMILAS, ESQUIRE
      MICHAEL J. SZYMBORSKI, ESQUIRE
      Attorneys for Plaintiffs
      Land Title Building, 19th Floor
      100 South Broad Street
      Philadelphia, PA 19110
      (215) 735-8600

DATE: August 8, 2008